### Joseph Merriam vs. Charles Merriam.

A mortgagee in possession, having entered for condition broken, may nevertheless maintain a writ of entry against the mortgagor, to foreclose the mortgage.

Where an action was submitted to the court of common pleas upon an agreed statement of facts, and exceptions were alleged to the judgment of that court thereon, upon which the case was brought to this court, and it appeared that the facts were insufficiently stated, the case was remanded to the court of common pleas for further proceedings.

THIS was a writ of entry, sued out on the 15th of January, 1849, to recover possession of the premises therein demanded, for the breach of the condition of a mortgage thereof to the demandant. The case was submitted to the court of common pleas, upon an agreed statement of facts, as follows : —

The Worcester county institution for savings, having a prior mortgage of the premises, subject to which the estate was mortgaged to the demandant, recovered judgment thereon

for possession, at the December term, 1848, of the court of common pleas, and on the 26th of March, 1849, entered and took possession, and turned out the tenant. The mortgagees, on the same day, made a lease of the premises to the demandant, who entered thereon and was in possession under the lease at the time of the commencement of this action. The tenant remained in the occupation of a part of the dwelling-house on the premises, under the said lessee, without claiming any possession in his own right, but only as tenant at will; and the demandant had always been in possession of a part of the demanded premises, as stipulated in a bond, which the mortgage was given to secure.

Certain facts, relating to a breach of the condition of the demandant's mortgage, were also contained in the agreed statement, which, in the opinion of this court, were not sufficiently stated to enable the court to decide, whether there had been a breach of the condition or not.

The presiding judge of the court of common pleas (*Hoar, J.*) upon the foregoing statement of facts, was of opinion, and so decided, that the demandant was entitled to maintain his action; whereupon the tenant excepted.

*S. H. Allen*, for the tenant.

*R. Newton*, for the demandant.

DEWEY, J. The first objection, taken to the right of the demandant to maintain this action, is, that at the time of instituting the same, he was in possession of a part of the demanded premises, and that pending this action he has acquired the possession of the residue, and being thus actually in possession of the entire mortgaged premises, he cannot now properly proceed to take a judgment for the recovery of the same from the tenant.

It is true, that in ordinary writs of entry, it may be set up in defence, that the demandant has the actual and peaceable possession of the demanded premises, and that the tenant has not, nor has had, any possession thereof; and unless in the case of a disseisin at the election of the plaintiff, such defence will avail. So, also, in case the demandant voluntarily acquires the actual possession of the premises pending the

action, upon a proper plea being filed, the defence may be maintained against further proceedings in the case.

But this rule does not apply, where the action is instituted solely to foreclose a mortgage. Mere possession in the mortgagee will not perfect his title and vest in him the absolute estate. To foreclose a mortgage, further proceedings are necessary; and such foreclosure may be effected in two modes. One mode is the making of a formal entry upon the premises, in the presence of two witnesses, declaring the purpose of such entry, and doing the further acts required by the provisions of Rev. Sts. *c.* 107, § 2, or procuring the certificate of the mortgagor acknowledging such entry, and having the same duly recorded. The other mode is that of an action to foreclose, instituted in the proper tribunal. This latter mode has certain advantages, and may often be the more convenient mode of foreclosing a mortgage. It is particularly so in this respect, that in the action to foreclose, the amount due on the mortgage is settled conclusively.

The statute regulating the foreclosure of mortgages has authorized the mortgagee to adopt either of these modes; and this privilege attaches as well to a mortgagee in possession, as to one who has not made an entry; and such action to foreclose may be maintained, notwithstanding the premises are at the time in possession of the plaintiff. Rev. Sts. *c.* 107, §§ 10, 11. The exceptions to the ruling of the court of common pleas, as to this point, are overruled.

But as to the other ground, that no breach of the condition has been shown, we think the facts not sufficiently presented in the bill of exceptions; and the case will be remanded to the court of common pleas for a hearing and adjudication on that matter.